IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**LEONARD STOVALL,** *an individual* and
**MARK EVERSOLE**, *an individual*

Plaintiffs,

vs.

**SPRINGS WINDOW FASHIONS, LLC**,
*a Delaware Limited Liability Company,*

Defendant.

Case No. _____

**JURY DEMANDED**

## ORIGINAL COMPLAINT

Plaintiffs Leonard Stovall and Mark Eversole ("Plaintiffs") sue the Defendant, Springs Window Fashions, LLC ("Defendant") and allege as follows:

### INTRODUCTION

1. Plaintiffs were employed by Defendant and bring this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA").

2. Plaintiffs allege that they were misclassed as exempt from the FLSA's

overtime provisions.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiffs were employed by Defendant to perform work in this District and said Defendant has conducted business within this District at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## COVERAGE

5. Defendant is and/or has been the "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) of the FLSA.

6. During Plaintiffs' employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

7. During Plaintiffs' employment with Defendant, Defendant employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

8. Therefore, Defendant is an enterprise covered by the FLSA, and as

defined by 29 U.S.C. §203(r) and 203(s).

## PARTIES

9.  Defendant is a Delaware Limited Liability Company with its principal address located at 7549 Graber Road, Middleton, Wisconsin 53562-1001. Defendant may be served through Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

10. Plaintiff Stovall is an adult citizen of the United States and was employed by Defendant as a Field Sales Representative during the relevant statute of limitations.

11. Plaintiff Eversole is an adult citizen of the United States and was employed by Defendant as a Field Sales Representative during the relevant statute of limitations.

## FACTUAL ALLEGATIONS

12. Defendant manufactures and distributes home furnishing products such as window blinds, shades, panels and drapery hardware throughout the United States

13. Plaintiffs worked as Field Sales Representatives ("FSR") for Defendant during the relevant statutory period.

14. Specifically, Plaintiffs worked for Defendant in the state of Georgia.

15. During Plaintiffs' employment with Defendant, Plaintiffs, as FSRs, were classified as "exempt" from the overtime provisions of the FLSA.

16. In other words, Defendants classified Plaintiffs as salaried, "overtime exempt" employees and did not pay them overtime wages.

17. However, Plaintiffs' primary job duties and responsibilities were patently non-exempt.

18. A review of Plaintiffs' job duties and responsibilities shows that Plaintiffs should have been classified as non-exempt employees under federal law and, as a consequence, paid overtime compensation for all hours worked over forty (40) per week.

19. Plaintiffs' duties were non-exempt under the FLSA because Plaintiffs:

   a. did not exercise discretion or independent judgment with respect to matters of significance or in performing the primary duties of an FSR;

   b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

   c. did not carry out major assignments in conducting the operations of the business;

    d. did not perform work that affects business operations to a substantial degree;

    e. did not have the authority to commit the employer in matters that have significant financial impact;

    f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

    g. did not have the authority to negotiate and bind the company on significant matters;

    h. did not provide consultation or expert advice to management;

    i. were not involved in planning long- or short-term business objectives;

    j. did not investigate or resolve matters of significance on behalf of management;

    k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances; and

    l. did not have a primary duty of making sales.

20. Plaintiffs were required to complete reports, company related paperwork, and engage in work-related communications for Defendant, typically occurring after each full eight (8) hours of work per weekday as well as on

weekends, for which time they were not paid at the rate of one and one-half times their regular hourly rate of pay within weekly pay periods during all times material.

21. However, Plaintiffs' primary duties involved manual labor and were merchandizing related. For example, a critical aspect of Plaintiffs' job was to update and maintain Defendant's retail displays.

22. Likewise, Plaintiffs were classified as "sales representatives," yet made no internal or external sales on behalf of Defendant, whatsoever.

23. As a result, Plaintiffs were misclassified as exempt from the FLSA's overtime provisions and were erroneously denied overtime compensation for all work hours over forty (40) within weekly pay periods during all times material.

24. Defendant acted willfully and with reckless disregard to established FLSA overtime requirements as it knew and was aware at all relevant times it was failing to pay the proper overtime compensation to Plaintiffs.

25. As a result, Plaintiffs are entitled to unpaid overtime and other damages.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

26. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

27. Plaintiffs were misclassified by Defendant as overtime-exempt

employees.

28. During Plaintiffs' employment with Defendant, Plaintiffs worked more than forty (40) hours per week within weekly pay periods but were not paid overtime compensation as required by the FLSA.

29. Defendant did not have a good-faith basis for misclassifying Plaintiffs as exempt, and Defendant is unable to bear its burden of demonstrating that Plaintiffs fall within any of the FLSA overtime exemptions, including the outside sales and administrative exemptions.

30. Defendant acted willfully and with reckless disregard to established FLSA overtime compensation requirements.

31. As a result, Plaintiffs have suffered damages and incurred reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs demand judgment against Defendant and request this Court grant the following relief:

A. An award of compensation for unpaid overtime to Plaintiffs;

B. An award of liquidated damages;

C. An award of prejudgment interest (to the extent liquidated damages are not

awarded) and post-judgment interest;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees;

E. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

F. A Declaration that Plaintiffs were misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

G. A Declaration that Defendant willfully violated the FLSA; and

H. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Respectfully submitted Thursday, September 1, 2022,

>  /s/ John Mays
> A. Lee Parks, Jr.
> Georgia Bar No. 563750
> lparks@pcwlawfirm.com
> John L. Mays
> Georgia Bar No. 986574
> jmays@pcwlawfirm.com
> Parks, Chesin & Walbert, P.C.
> 75 Fourteenth Street, 26th Floor
> Atlanta, GA 30309
> Telephone: (404) 873-8000
> Facsimile: (404) 873-8050

*/s/ Robert E. Morelli, III\**
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT** Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***

***\*admission pro have vice anticipated***
